### COLE v. GEORGE.
### No. 10147.

Circuit Court of Appeals, Ninth Circuit.
Dec. 18, 1942.

Harold H. Bates, of Sitka, Alaska and Charles Bagby, of San Francisco, Cal., for appellant.

Howard D. Stabler, of Juneau, Alaska, and E. Coke Hill, of San Francisco, Cal., for appellee.

Before GARRECHT, DENMAN, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Appeal by the plaintiff from a judgment entered in favor of defendant that the amended complaint be dismissed and plaintiff take nothing, the plaintiff having declined to amend his amended complaint after the court had sustained a demurrer thereto upon the ground that it does not state facts sufficient to constitute a cause of action.

We shall refer to the parties herein as plaintiff and defendant, and all indicated emphases in the opinion are ours.

The amended complaint alleges that the plaintiff is a stockholder of an Alaskan corporation operating an hotel in the Territory of Alaska, and that the defendant is the secretary and treasurer of the corporation. It is further alleged that the corporation and the defendant failed to comply with the statute relative to a required annual report thereby rendering defendant liable to plaintiff as a stockholder in penalties provided.

Section 923, Comp.Laws 1933, as amended by section 2, chapter 89, of the Session Laws of Alaska of 1935, reads as follows:

"Every corporation formed under this article, shall annually, within sixty days from the first day of January of each year, file with the Auditor of the Territory of Alaska and with the clerk of the District Court in each Division wherein business of the corporation is conducted, a report made and verified by the president and the treasurer and shall keep a copy thereof at its main office for inspection of stockholders, which shall state:

"1. The amount of its capital stock and the amount actually issued.

"2. The amount of its debts.

"3. The amount of its assets.

"4. The name and addresses of all the directors and officers of the corporation.

"Any corporation organized under the provision of this title whose fiscal year ends at any other time than the end of the calendar year, shall be allowed sixty days from the date on which its fiscal year ends within which to file this report.

"And if any corporation shall fail to file its annual reports as required in this section, all contracts made by such corporation with the residents of the Territory of Alaska, made in the Territory, shall be voidable as to the corporation during the

504

time it shall neglect to file such report, and no Court in the Territory shall enforce same in favor of the corporation.

"If any report be not made and filed as prescribed in this section, either of such officers who shall thereafter refuse or neglect to make and file such reports within ten days after a written request to do so shall have been made by a creditor or a stockholder of the corporation, shall be under penalty of $50.00 recoverable by such aggrieved creditor or stockholder, for every day he or they shall so neglect or refuse."

The corporation was legally required to file an annual report made and verified by the president and treasurer, and, if this is not done and if "the president and the treasurer" "refuse or neglect" to file such a report after a ten day written request to do so, either or both of such officers shall be under a penalty of $50.00 for each day "he or they shall so neglect or refuse."

It is the opinion of the trial judge that an indispensable condition for recovery under the penal statute is that both the president and the treasurer shall be given notice and that the amended complaint is legally insufficient without an allegation that the president as well as the treasurer has been given the required notice and that thereafter within the required time the report has not been filed.

■ In enacting the statute it was unquestionably the legislative intent to make certain facts relative to Alaskan hotel corporations, among others, open records for the benefit of their stockholders. A corporation in its usual and ordinary affairs acts through its directorate and its officials and the legislature definitely provided for the report to be "made and verified by the president and the treasurer * * *" for the corporation. The legislature was well within a reasonable assumption that either or both of these officials would have access to the records from which such a report must be prepared, and that the report would be more dependable if both president and treasurer would make and verify it.

■ That the duty, however, is several as well as joint is plainly indicated in the portion of the statute providing for the recovery of penalties. Therein the significant phraseology is: "If any report be not made and filed * * * either of such officers who shall thereafter refuse or neg-

lect to make and file such reports * * *." The use of the plural "reports" in the latter part of the sentence beginning, "If any report" can be explained in the view-point that if not both, but one of the designated officials, does make the report, the one refusing or neglecting to verify and file it must suffer the penalty prescribed. That there might well be not any report filed but also that there might be a plurality of reports filed through the inability of one official to agree with the report verified and filed by another of the officials is well within the possible.

The corporation may not be excused from the strict compliance that the report must be made and filed by both officials, but it would be most unreasonable to read the statute as providing that the penalty would be assessed against both of the officials when in good conscience they are unable to verify the same report. On the other hand the statute would be just as unreasonable if it required the construction that the legislature intended that either of the named officials should escape the duty of making or of filing the report upon the ground that the other had not or would not join him therein; or to the conclusion that it was within the legislative intent that nothing whatever could be done about the situation if either one of such officers could not be served with written notice. And this latter is not a contingency unlikely to happen in far flung Alaska, removed, as it is, from the main portion of the country of which it is a part.

As we have just indicated, we are not here dealing with a proceeding against the corporation for its failure to file a report but with the penal provision of a statute directed toward one whose duty is prescribed by the statute. Corpus Juris, volume 14a, § 2019 bb, cited by defendant-appellee, deals with the duty of the corporation and with the sufficiency of the report as to satisfying the statutory requirements so far as the corporate entity is concerned.

■ We hold, in the circumstances, that service of the required notice upon the president of the corporation is not a requisite to the maintenance of the action against the treasurer.

■ Defendant-appellee claims that the statute is unconstitutional in that it violates the Fifth Amendment to the Constitution. He argues that the fixing of $50.00 per day for the period in which the report is not filed as a penalty is capricious and arbitrary to

the point of depriving defendant-appellee of property without due process of law. As an element of the principle upon which this claim is made, he points to the fact that there is no claim of injury suffered by plaintiff-appellant. The statute does not make injury the basis of the action. The legislative intent was to make failure to comply therewith a serious matter to such officers as were given the duty of making, verifying and filing the report and thereby more certainly to secure compliance therewith. The penal sum fixed is not arbitrary or capricious in view of this intent.

There may be affirmative defenses to the amended complaint herein, but we think it states a cause of action.

Reversed.